**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| DESIGN TOSCANO, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Civil Action No. 6:15cv922** |
| | ) | |
| PAMELA K. KIRTLEY d/b/a TEXAS TRADITION MOLDS, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| | ) | |
| Defendant. | | |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff Design Toscano, Inc. ("Plaintiff" or "Design Toscano") brings this action against Defendant Pamela K. Kirtley d/b/a Texas Tradition Molds ("Defendant" or "Texas Tradition") for injunctive relief, damages and statutory attorneys' fees under the copyright laws of the United States.

### SUBJECT MATTER JURISDICTION

1.      This is an action for copyright infringement arising under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* ("the Copyright Act").

2.      This Court has subject matter jurisdiction over this action pursuant to the provisions of 28 U.S.C. §§ 1331 and 1338(a).

### VENUE

3.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(1) and 1400(a).

### PARTIES AND PERSONAL JURISDICTION

4.      Plaintiff Design Toscano is an Illinois corporation with a principal place of business at 1400 Morse Avenue, Elk Grove Village, IL 60007-5722.

5.      Plaintiff is the owner of numerous copyrights for various decorative pieces, including wall sculptures.  Plaintiff sells these pieces through various means, including its website (www.DesignToscano.com), catalog, previously through SkyMall magazine, as well as through affiliate on-line retailers and through its network of North American brick-and-mortar distributors and retailers.

6.      Defendant Pamela K. Kirtley d/b/a Texas Tradition Molds is a resident of Texas and both resides and has her principal place of business at 8744 FM 58, Lufkin, Texas 75901-2643.

7.      Defendant sells decorative pieces, including the pieces accused of infringing (as discussed in more detail below) through its websites (http://www.texastraditionmolds.com and http://www.texastraditionmoldstwo.com) and through its print catalog which can be ordered or downloaded through its website.

8.      According to information on its website, Texas Tradition was started August 1, 1990 by Donny and Pam Kirtley. Texas Tradition Molds offer over 2,000 different concrete molds.  Texas Tradition also states on its website that "[w]e believe that honesty & integrity is still the most important part of any business. We will do our best to be up front and honest with you."

**FACTS**

9.      Plaintiff owns all right, title and interest in and to United States Copyright Certificate of Registration for the sculptural work "Bigfoot the Garden Yeti," Registration No. VAu001072268, effective April 5, 2011, and has standing to sue for enforcement of that copyright.  A true and correct copy of Certificate of Registration No. VAu001072268 is attached as Exhibit A.

10.     Plaintiff owns all right, title and interest in and to United States Copyright Certificate of Registration for the sculptural work "In God's Grace Angel Statue," Registration No. VA0001897888, effective February 7, 2014, and has a standing to sue for enforcement of that copyright.  A true and correct copy of Certificate of Registration No. VA0001897888 is attached as Exhibit B.

11.     The copyrights identified in paragraphs 9 and 10 will hereafter be referred to collectively as the "Protected Works."

12.     Defendant has manufactured, offered for sale, or sold molds that are unmistakably similar to Plaintiff's Protected Works.  Shown below are side-by-side comparisons of Plaintiff's "Bigfoot, the Garden Yeti Statue" with Defendant's Product Nos. 4933 and 4934; and Plaintiff's "In God's Grace Angel Statue" with Defendant's Product No. 4972:

| Plaintiff's Design | Defendant's Design |
|---|---|
|  | #4933 <br> 30h <br> $750.00   #4934 <br> 25h <br> $625.00 |

 

Defendant's infringing sculptures will hereafter be referred to collectively as the "Accused Works."  Copies of pages from Defendant's website and catalog with the Accused Works are attached hereto as Exhibit C.

13.    Defendant had access to Plaintiff's Protected Works.  Plaintiff's order and shipping records indicate that the Protected Works were purchased by, and shipped to, Defendant.  On October 27, 2012, Design Toscano product number DB 383091, a medium "Bigfoot, The Garden Yeti Statue" was ordered and shipped to Pamela K. Kirtley, 8744 FM 58, Lufkin, Texas 75901-2643 on November 6, 2012.  (Exhibit D).  On July 31, 2013, Design Toscano product number DB 383049, a large "Bigfoot, The Garden Yeti Statue" was ordered and shipped to Pamela K. Kirtley, 8744 FM 58, Lufkin, Texas 75901-2643 on August 15, 2013.  (Exhibit E).  On May 26, 2012, Design Toscano product number DB383093, "In God's Grace Angel Statue" was ordered and shipped to Pamela K. Kirtley at 8744 FM 58, Lufkin, Texas 75901-2643 on June 19, 2012.  (Exhibit F).

14.     Defendant does not have, nor has it ever sought, Plaintiff's authorization for the production or sale of the Accused Works.

## CLAIM FOR RELIEF

## COPYRIGHT INFRINGEMENT

15.     Plaintiff realleges paragraphs 1-14 above and incorporates those allegations as its paragraphs 1-14 of this Claim for Relief.

16.     Plaintiff is, and at all material times hereto has been, the owner of the copyrights in the Protected Works and is entitled and authorized to protect itself against copyright infringement, including the enforcement of copyright actions.

17.     Pursuant to 17 U.S.C. § 106, Plaintiff has the exclusive rights to reproduce, publicly display, and distribute the Protected Works.

18.     Pursuant to 17 U.S.C. § 106, Plaintiff has the exclusive right to prepare derivative works based upon the Protected Works.

19.     In November 2014, a representative of Design Toscano first became aware that someone had created a mold to cast concrete versions of its copyrighted Bigfoot, the Garden Yeti Statue.  On or about June 8, 2015, Design Toscano learned that Defendant was selling and offering to sell molds of the Protected Works.  Defendant has infringed, and continues to infringe, Plaintiff's copyrights in the Protected Works by reproducing, publicly displaying, distributing, or preparing derivative works based upon the Protected Works without Plaintiff's authorization.

20.     Defendant's acts of infringement were done and continue to be done with knowledge that such actions constitute an infringement of Plaintiff's exclusive rights and are,

therefore, willful.  At a minimum, Defendant acted in reckless disregard of Plaintiff's copyrights in the Protected Works.

21.     As a direct and proximate result of Defendant's infringement of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to the maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c).  In the alternative, at Plaintiff's election pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to its actual damages, including Defendant's profits from infringement, in amounts to be proven at trial.

22.     Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

23.     Defendant's conduct is causing and, unless enjoined by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to permanent injunctive relief prohibiting infringement of Plaintiff's copyrights and exclusive rights under copyright.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays this Court will enter judgment against Defendant for copyright infringement and:

A)     find that such infringement is willful;

B)     order that Defendant, and all those in active concert or participation with it, be permanently enjoined from infringement of Plaintiff's copyrights in the Protected Works pursuant to 17 U.S.C. § 502;

C)      order Defendant to account for and turn over to Plaintiff all copies or other articles by which copies of the Protected Works may be reproduced pursuant to 17 U.S.C. § 503;

D)      order Defendant to pay Plaintiff statutory damages pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 per infringed work, arising from Defendant's violations of Plaintiff's rights under the Copyright Act or, in the alternative, at Plaintiff's election pursuant to 17 U.S.C. § 504(b), Plaintiff's actual damages, including Defendant's profits from infringement, in amounts to be proven at trial;

E)      order Defendant to pay Plaintiff its costs and attorney's fees pursuant to 17 U.S.C. § 505;

F)      for prejudgment and post-judgment interest; and

G)      to provide such other remedies under the copyright laws of the United States and/or as the Court deems reasonable and just.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on all such issues properly tried.

Respectfully submitted,


/s/ Claire Abernathy Henry
Claire Abernathy Henry
State Bar No. 24053063
T. John Ward, Jr.
State Bar No. 00794818
Wesley Hill
State Bar No. 24032294
Ward, Smith & Hill, PLLC
1127 Judson Road, Ste. 220
Longview, Texas  75601
(903) 757-6400 (phone)
(903) 757-2323 (fax)
jw@wsfirm.com
claire@wsfirm.com
wh@wsfirm.com

ATTORNEYS FOR PLAINTIFF